UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

                      Petitioner,

-against-

PORT AUTHORITY POLICE
DEPARTMENT,

                      Respondent.

22-CV-6229 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner is currently detained at the Anna M. Kross Center on Rikers Island. He removed his pending state criminal proceeding, *People v. Sabino*, Case No. 01504-2020, and that matter was opened in this Court under docket number 22-CV-5025 (LTS), and remanded to state court.

       In his notice of removal, Petitioner had referred to 28 U.S.C. § 2241, and he appeared to assert violations of the Double Jeopardy Clause and his right to a speedy trial. The Court determined that Petitioner might have intended to bring a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and directed that a new action be opened. Petitioner's application thus was filed as a petition for a writ of *habeas corpus* under Section 2241 in this new action.

       Before recharacterizing an application brought under some other statute as a Section 2241 petition, the Court is obligated to inform Petitioner of the Court's intent to do so and allow him an opportunity to withdraw it. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).[1] The

---

[1] Moreover, as the Court previously notified Petitioner, a state pretrial detainee must first exhaust available state-court remedies before seeking *habeas corpus* relief under Section 2241. *See United States ex rel. Scranton*, 532 F.2d at 294 ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Court therefore directed Petitioner to notify the Court in writing, within 30 days, whether he wished to withdraw his application rather than have it recharacterized as a Section 2241 petition. The Court held that if Petitioner did not respond within 30 days (or seek an extension of time to respond), the Court would dismiss this action without prejudice.

Petitioner has not responded to the Court's order, and the time to do so has expired. Accordingly, the Court dismisses this action without prejudice.

## CONCLUSION

The Court dismisses this action without prejudice for failure to respond to the Court's order.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   September 9, 2022
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge